T.C. Memo. 1997-549


UNITED STATES TAX COURT


HARRY NEAL BALL AND HELEN PATRICIA BALL, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4063-97.                    Filed December 15, 1997.


Harry N. Ball and Helen P. Ball, pro sese.

Elizabeth A. Owen, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


FOLEY, Judge:  Respondent determined a $1,710 deficiency in
petitioners' 1994 Federal income tax.  After concessions, the
issue for decision is whether petitioners, pursuant to section
104(a)(2), are entitled to exclude from gross income $8,705.59 in
separation payments.  We hold that they are not.  All section

references are to the Internal Revenue Code in effect for the year in issue.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. Petitioners resided in El Paso, Texas, at the time their petition was filed.

Prior to 1994, Helen Ball was employed by Revlon Government Sales, Inc. (Revlon). On December 7, 1993, Revlon terminated Ms. Ball's employment, and on December 9, 1993, Ms. Ball executed a separation agreement in full bargained-for release and settlement of any and all claims arising from her employment with and termination from Revlon. The agreement provided, in pertinent part, as follows:

> EXTENT OF RELEASE. This agreement is valid whether any claim arises under any federal, state or local statute (including, without limitation, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Equal Pay Act, the Americans with Disabilities Act of 1990, the Employee Retirement Income Security Act of 1974, the Family and Medical Leave Act of 1933 [sic], the New York State Human Rights Law, The New York City Administrative Code, and all other statutes regulating the terms and conditions of my employment), regulation or ordinance, under the common law or in equity (including any claims for wrongful discharge or otherwise), or under any policy, agreement, understanding or promise, written or oral, formal or informal, between the Company and myself.

The agreement further provided that Ms. Ball was entitled to 4 months of separation pay and 4 months of severance pay (i.e., a

total of $18,466.72).  At the time she executed the agreement, Ms. Ball did not have any pending complaints against Revlon.

Petitioners filed in a timely manner their 1994 Federal income tax return.  On the return, petitioners:  (1) Reported wage income of $8,705.59; (2) attached a Form W-2 which reported that Ms. Ball received $17,411.18 in "wages, tips, other compensation" from Revlon; and (3) attached copies of the separation and release agreement to support their position that one-half (i.e., $8,705.59) of the $17,411.18 reported on the Form W-2 was excludable from gross income pursuant to section 104(a)(2).  On November 27, 1996, respondent issued petitioners a notice of deficiency in which respondent determined that petitioners were not entitled to the claimed exclusion.

OPINION

Section 104(a)(2) excludes from gross income "the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness".  An award of damages may be excluded from gross income only when it is received both:  (1) Through prosecution or settlement of an action based upon tort or tort type rights and (2) on account of personal injuries or sickness. Commissioner v. Schleier, 515 U.S. 323, 333-334 (1995).

Petitioners did not present any evidence to establish that the agreement settled an action based upon tort type rights. Ms.

Ball never asserted a claim for personal injuries (or any other claim) against Revlon.  See <u>Glynn v. Commissioner</u>, 76 T.C. 116, 121 (1981) (stating "Here, no claim for personal injury was ever made."), affd. without published opinion 676 F.2d 682 (1st Cir. 1982).  Moreover, petitioners did not establish that the amounts received were intended to compensate for a tort claim relating to personal injuries sustained by Ms. Ball.  To the contrary, the agreement encompassed any claim arising "under any federal, state or local statute * * *, regulation or ordinance, under the common law or in equity * * *, or under any policy, agreement, understanding, or promise, written or oral, formal or informal, between" Revlon and Ms. Ball.  Thus, the agreement contained a general release which encompassed a wide variety of potential tort and contract claims.  Therefore, petitioners have failed to establish that the payments were received on account of personal injuries and were attributable to a claim based on tort or tort type rights.  Accordingly, we hold that the $8,705.59 is not excludable from petitioners' gross income.

All other arguments made by the parties are either irrelevant or without merit.

To reflect concessions,

<u>Decision will be entered</u>

<u>for respondent</u>.